STATE of Tennessee, Appellee,

v.

Linda LEWIS, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 9, 1982.

Permission to Appeal Denied by Supreme Court Nov. 22, 1982.

T.J. Emison, Jr., Alamo, for appellant.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

TATUM, Judge.

The defendant, Linda Lewis, in a three-count indictment, was charged with possessing three separate schedules of controlled substances with intent to sell. In another indictment, she was charged with grand larceny, receiving, and concealing a quanti-ty of stolen drugs and several specified stolen items of hospital and medical equipment and supplies, the property of McKenzie Memorial Hospital. The jury found the defendant guilty of the simple possession of the controlled substances mentioned in the first indictment and found her guilty of petit larceny under the second indictment. Punishment was fixed at $1,000 fine and a jail sentence of 11 months and 29 days for each of the three counts of possessing controlled substances and punishment was fixed in the petit larceny case at not less than 1 nor more than 2 years in the State penitentiary. The trial court ordered that the jail sentences and the penitentiary sentence all run concurrently. After considering the defendant's nine issues presented for review, we conclude that the judgments below must be affirmed.

The defendant does not question the sufficiency of the evidence. However, we will briefly discuss the facts established to better focus the several issues presented. The defendant was employed as a licensed practical nurse at the McKenzie Hospital in Carroll County. She was assigned to the medicine room of the hospital with the duties of preparing and administering medicine to patients. On June 17, 1980, someone forcibly entered the hospital pharmacy and took a large quantity of drugs, equipment and supplies. The burglar alarm had in some manner been temporarily rendered inoperative.

On June 19, 1980, armed with a search warrant, officers conducted a search of defendant's home and found several items of drugs and property which were identified as having been stolen from the hospital pharmacy. The indictments were returned based upon the evidence disclosed by the search.

■ The defendant attacks the sufficiency of the search warrant. The warrant was issued upon the affidavit of a police officer, detailing information that the police officer had obtained from an unnamed informant. The defendant argues that the affidavit does not allege such facts as to enable the

officer who issued the warrant to conclude that the informant was reliable. The affidavit establishes that the informant was an adult citizen of Carroll County with whom the officer was well acquainted. The affidavit further states that the officer had "obtained information from said informant on other occasions that proved to be accurate and reliable." These allegations are sufficient to justify a conclusion by the issuing officer that the informant was reliable. *State v. Bush,* 626 S.W.2d 470 (Tenn. Cr.App.1981); *Woods v. State,* 552 S.W.2d 782 (Tenn.Cr.App.1977).

The defendant also argues that the facts alleged in the affidavit are insufficient to establish probable cause to believe that she possessed illicit drugs or stolen property. The affidavit states:

"within the past three days, (he/she) did see Linda Lewis with a quantity of drugs which were Scheduled, Controlled drugs, that appeared to be the same as from the said burglary at the McKenzie Memorial Pharmacy. Further that Linda Lewis had stated to the informant that she was well stocked with drugs and didn't have to worry about getting them for a while. Further that Linda Lewis was working at the Hospital on the night of said burglary, at the Pharmacy, and entrance was made with a key, and said alarm was turned off with a key before entrance was made. Also that Linda Lewis was absent from the immediate area for a period of time on night of burglary."

The defendant says that the affidavit must show the specific type of drug possessed to enable him to make a determination of probable cause. In *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the Supreme Court held that the personal observations of the informant satisfy the second test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), if they guarantee that the informant is relying on "something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." See also, *United States v. Acosta,*

501 F.2d 1330 (5th Cir.1974). In *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), the Supreme Court said:

"... affidavits for search warrants ... must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under commonlaw pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

We think that the rationale of *Lea v. State,* 181 Tenn. 378, 181 S.W.2d 351 (1944) is applicable here. In that case, the affidavit stated that the defendants were "in unlawful possession and control of a quantity of intoxicating liquors in violation of law." The affidavit did not aver the particular type of intoxicating liquors and did not negate that the liquors were of the kind that could be lawfully possessed, such as beer, ale or wine. The Supreme Court held that the description given was sufficient to establish probable cause; that is, "A reasonable ground of suspicion supported by circumstances."

In the same context, the word "controlled drugs" as used in the affidavit conveys the meaning that the drugs possessed are of a dangerous and unlawful nature. Common usage of this phrase excludes the meaning that the drugs were of an innocent nature such as aspirin.

The author of *Search and Seizure* by Wayne R. LaFave, Vol. 1, § 3.3, pages 539–40, said:

"... Thus, an informant's allegation that he saw the defendant in possession of counterfeit money is deemed sufficient without any explanation as to how it was determined that the money was counterfeit in character, and an assertion by an informant that he saw illegal drugs or the like at a certain place is regularly

accepted without any showing as to how the informant was able to identify the substance. Similarly, courts—including the United States Supreme Court—seem to think it is enough that an informant says he 'saw' a sale of narcotics, even without any explanation as to how it was known that a sale was occurring or that the object being sold was in fact narcotics."

The following cases support Mr. LaFave: *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *United States v. Acosta, supra; United States v. Carter,* 498 F.2d 83 (D.C.Cir.1974); *State v. Davenport,* 55 Haw. 90, 516 P.2d 65 (1975); *People v. Arnold,* 186 Colo. 372, 527 P.2d 806 (1974); *State v. Hill,* 135 Ga.App. 214, 217 S.E.2d 190 (1975); *State v. Gamage,* 340 A.2d 1 (Me.1975); *Hegdal v. State,* 488 S.W.2d 782 (Tex.Cr.App.1972).

■ To require that the informant be absolutely certain that the substance was a particular drug would require laboratory testing. This is not necessary to establish probable cause. *Post v. State,* 580 S.W.2d 801 (Tenn.Cr.App.1979) and *Dishman v. State,* 3 Tenn.Cr.App. 725, 460 S.W.2d 855 (1970).

The statement of the defendant that she "would not have to *worry* about getting them (drugs) for awhile," is also evidence that the drugs were unlawful. Common experience teaches that the procurement of innocent drugs would cause no "worry." We think the facts stating what the informant saw and heard are sufficient to establish probable cause to believe that the defendant possessed illegal drugs. We pretermit the question of whether probable cause was established that the drugs were stolen.

■ The defendant further contends, without citing authority, that, because no location of the drugs was given in the affidavit, it was error to issue the warrant for the search of the defendant's home. The affidavit states that the informant saw the defendant with "a quantity" of drugs and that the defendant stated to the informant that she was "well stocked with drugs."

This information supports the inference that the defendant had probably stock piled the drugs in her home.

■ The defendant next says, without citing authority, that the court erred in permitting the search warrant to be filed as an exhibit. We disagree. The record does not show that the search warrant was shown to the jury. It was essential for the warrant to be made a part of the record to enable us to review the foregoing issues presented by the defendant attacking the validity of the search warrant,

■ The defendant also contends the trial court erred in instructing the jury concerning the permissible inference that may be drawn from unexplained possession of recently stolen property. The defendant insists that this was error because there was no evidence that the defendant possessed recently stolen property. There was proof that the McKenzie Hospital Pharmacy was burglarized on June 17, 1981 and that on June 19, 1981, the defendant was found in possession of some of the property taken during the burglary. We find no error here.

■ The defendant next states that the Attorney General abused his discretion in denying pretrial diversion. The record reflects that in an informal communication, defense counsel mentioned to the District Attorney her desire for diversion. The District Attorney instructed the defense counsel to file a written petition. No written petition was filed and this record does not reflect that the defendant submitted evidence to the District Attorney to show that she was entitled to pretrial diversion. See, *State v. Poplar,* 612 S.W.2d 498 (Tenn.Cr. App.1980).

■ The defendant also states that the trial court erred in denying her a suspended sentence. The trial judge denied probation on the grounds: (1) the magnitude of the offense (many items of drugs were involved that belonged to hospital patients); (2) the deterrent effect on others; and (3) that the defendant was not truthful to the court when she stated that she did not know how

the drugs got into her house. The trial judge has discretion to find that the deterrent effect on others justifies denial of probation and he must consider each case on an *ad hoc* basis. *State v. Michael,* 629 S.W.2d 13 (Tenn.1982). He may also consider the enormity of the crime. *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974). In this case, we do not find that the trial judge abused his discretion. The society has a strong interest in preventing persons who work in hospitals and other medical facilities from yielding to the temptation of taking possession of drugs kept for legitimate medical purposes. This activity is not a petty misdemeanor.

 The drug problem in this country has reached epidemic proportions. The trial court acted within his discretion in denying probation upon the ground of the deterrent effect on other criminal activity. T.C.A. § 40–2904. Moreover, the false testimony of a defendant, observed by the trial judge, is a factor which may be considered on the question of probation. *State v. Poe,* 614 S.W.2d 403 (Tenn.Cr.App.1981). It is not necessary that the trial judge discuss all of the criteria for a suspended sentence.

*State v. Vance,* 626 S.W.2d 287 (Tenn.Cr. App.1981).

The defendant made four motions for a mistrial after the admission of certain evidence. In each instance, the trial judge sustained the defendant's position that the evidence was incompetent and carefully instructed the jury to disregard the evidence. The instruction of the trial judge not to consider improper evidence cures any error unless it was more probable that the improper evidence affected the judgment than not. *State v. Tyler,* 598 S.W.2d 798 (Tenn. Cr.App.1980); Rule 36(b), T.R.A.P. We do not find that the evidence more probably affected the judgment. These issues are overruled.

The judgments of the trial court are affirmed.

DAUGHTREY and SCOTT, JJ., concur.