# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1998 SESSION



**FILED**

**August 7, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9707-CR-00285 |
| Appellee, | ) |
| | ) Knox County |
| V. | ) |
| | ) Honorable Richard Baumgartner, Judge |
| | ) |
| **WILLIAM L. ROBINSON,** | ) (Denial of Probation) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Mark E. Stephens
District Public Defender

Paula R. Voss
John Halstead
Assistant District Public Defenders
1209 Euclid Avenue
Knoxville, TN 37921

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Todd R. Kelley
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue, North
Nashville, TN 37243

Randall E. Nichols
District Attorney General

Charme P. Johnson
Assistant District Attorney General
400 Main Street, P.O. Box 1468
Knoxville, TN 37901-1468

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, William L. Robinson, entered a best interest plea to one count of aggravated child abuse, a Class B felony. After a hearing, the Criminal Court at Knox County denied the appellant's application for probation and sentenced him to eight (8) years in the Tennessee Department of Correction. He appeals. The issue is whether the evidence supports the court's decision. We affirm the judgment of the trial court.

In 1991, the appellant was paralyzed from the neck down in a drive-by shooting. He became depressed. After rehabilitation, he regained the use of his arms. In March 1993, the appellant was living with his girlfriend and her three-year-old daughter, the victim. The appellant testified that on the morning of March 19, 1993, the victim complained of a stomachache. Thinking that the victim's stomach problems were caused by something that she had eaten the previous evening, the appellant sent the child to her room. Later, the appellant heard the child "dry heaving." He then heard her fall. The appellant testified that the victim told him that she hit her head and that her stomach was still hurting. Since March 19th, the appellant has spent time around children without incident.

The child was treated in the emergency room later that evening. She was placed in the pediatric intensive care unit until the 23rd of March. The child was diagnosed with right occipital skull fracture and multiple contusions. She had considerable bruising and swelling to her head and face, and bruising on her neck, arms, hands, and back. The medical records indicate that these injuries were probable child abuse. There was evidence of a previous clavicular fracture, a burn on her foot, and multiple bruises of different ages. The medical records indicate that these injuries were consistent with ongoing abuse and neglect. The victim remained in the hospital for additional tests until the 25th when she was discharged to the custody of the Department of Human Services.

The medical records reflect that the victim said that the appellant told her to say that she hurt herself when she fell out of bed. She also said that the appellant hit her and that he hit her with "the wall."

When a defendant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). The presumption is conditioned upon the trial court's following the principles of sentencing. State v. Ashby, 823 S.W.2d 166 (Tenn. 1991). This review extends to sentencing issues concerning probation. State v. Dykes, 803 S.W.2d 250, 258 (Tenn. Crim. App. 1990). In conducting our review, this Court considers (a) any evidence received at the trial and/or sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel relative to these principles; (e) the nature and circumstances of the offense; (f) any mitigating and/or enhancement factors; (g) any statement made by the defendant in his or her own behalf; and (h) the defendant's potential or lack thereof for rehabilitation. Tenn. Code Ann. § 40-35-210(b) (1990).

When probation is at issue the court must consider the circumstances of the offense, the defendant's criminal record, social history, present condition and where appropriate, his or her physical or mental condition. State v. Kear, 809 S.W.2d 197, 198 (Tenn. Crim. App. 1991). In addition, the deterrent effect upon other criminal activity may be considered. State v. Lewis, 641 S.W.2d 517, 521 (Tenn. Crim. App. 1982). Also, the lack of truthfulness is probative of a defendant's prospects for rehabilitation and is a proper consideration. State v. Chestnut, 643 S.W.2d 343, 353 (Tenn. Crim. App. 1982).

The evidence at the sentencing hearing consisted of the testimony of the appellant and his mother, a presentencing report, the child's medical records,

and photos that showed the child's injuries when she was in the hospital. As previously stated, the appellant testified that the child's injuries were caused by a fall. He denied hitting the victim. The photos of the child's injuries were shocking. The child had swollen "racoon eyes" and bruising and swelling on her neck. The photos also showed other bruises and injuries. The defense attorney told the court that the bruising around the eyes was caused by the type of fracture sustained by the child. The court rejected this explanation, citing the medical records and the injuries depicted in the photos. The evidence does not preponderate against this finding as urged by the appellant.

The trial court stated that the appellant was eligible for probation, but denied the appellant's request for alternative sentencing. See Tenn. Code Ann. § 40-35-303(a) (1990). The court found that the appellant had been previously convicted of driving without a license, soliciting prostitution, and possession of a controlled substance. The court noted that the appellant was placed on Project First Offender for solicitation of prostitution. He apparently failed to complete the program and had his status revoked. He received suspended sentences for his other two convictions. The court said that, while the appellant did not have a long history of criminal conduct, measures less restrictive than confinement had recently been applied unsuccessfully to him.

The court found that confinement was necessary to avoid depreciating the seriousness of the offense. The court found that the three-year-old victim was vulnerable, that she had received extensive physical abuse, and that the injuries inflicted upon her were particularly great. The court found that the child had been severely beaten. The court described the offense as an "abhorrent crime" and "an incredibly serious offense." The court further noted that the appellant violated the position of trust that he held in caring for the child.

The court also found that the appellant lied about how the child was injured. The court noted that the appellant had given two inconsistent stories to the police during the investigation of the case, and the appellant had continued to deny injuring the child when he testified in court. The court found no applicable mitigating factors, stating that the appellant's physical condition did not reduce his culpability for the offense.

The appellant argues that the presumption of correctness should not attach to the trial court's findings because he failed to follow the sentencing principles. We disagree. The appellant also argues that serious injury is an element of aggravated child abuse, and, that the nature of the offense should not be used to deny probation. See Tenn. Code Ann. § 39-15-402 (1991). We disagree. The court also took into consideration the child's young age, her vulnerability, and the position of trust in which the appellant was placed in caring for the child. Lastly, the appellant argues that the court cannot deny probation based upon the seriousness of the offense unless the nature of the offense outweighs all factors favoring probation. See State v. Hartley, 818 S.W.2d 370 (Tenn. Crim. App. 1991). This issue is without merit because the trial court did not deny probation solely on the basis of the offense.

The evidence does not preponderate against the findings of the trial court. The court's findings that the offense was abhorrent and that the appellant was untruthful are particularly compelling.

The judgment of the trial court is AFFIRMED.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____

JERRY L. SMITH, Judge


_____
CURWOOD WITT, Judge