IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1997 SESSION



**FILED**

December 15, 1997

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9604-CC-00159 |
| Appellee, | ) |
| | ) Coffee County |
| V. | ) |
| | ) Honorable Gerald L. Ewell, Sr., Judge |
| | ) |
| **JAMES T. BINGHAM,** | ) |
| **JESSIE W. BAKER, AND** | ) (Sentencing) |
| **DONALD RAY PATTERSON,** | ) |
| | ) |
| Appellants. | ) |

FOR THE APPELLANTS:

Bingham & Baker
Andrew Jackson Dearing, III
Attorney at Law
117 South Main Street
Suite 101
Shelbyville, TN 37160

Patterson
Bethel Campbell Smoot, Jr.
District Public Defender

Rachel E. Willis
Assistant Public Defender
606 East Carroll Street
P.O. Box 260
Tullahoma, TN 37388

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Michael Layne
District Attorney General
307 S. Woodland
P.O. Box 147
Manchester, TN 37355

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellants, Donald Patterson, Jamie Bingham, and Jessie Baker, were arrested for committing various crimes. Jamie Bingham was indicted on three counts of burglary of a motor vehicle and six misdemeanor counts of theft. Jessie Baker was indicted on two counts of burglary of a motor vehicle and three counts of misdemeanor theft. Donald Patterson was indicted on two counts of burglary of a motor vehicle and two counts of misdemeanor theft. Each appellant pled guilty to all of the indicted charges. After a sentencing hearing, all of the appellants were classified as standard Range I offenders, but they received different effective sentences due to the number and nature of their individual crimes. On appeal, each of the appellants challenges the manner and length of his sentences. Upon review, we affirm each of the appellant's sentences.

When a sentencing issue is appealed, this Court shall conduct a de novo review with the presumption that the trial court's findings are correct. Tenn. Code Ann. § 40-35-401 (d) (1990); State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). The presumption of correctness is conditioned upon an affirmative showing, in the record, that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a defendant's sentence, including the manner in which he or she is to serve the sentence, this Court must consider: (1) the evidence received at the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating and enhancement factors, (6) any statements made by the defendant in his or her own behalf, and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210 & 103 (1990).

Tennessee Code Annotated § 40-35-103 (1)(A)-(C) (1990) sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include (1) the need to protect society by restraining a defendant having a long history of criminal conduct, (2) the need to avoid depreciating the seriousness of the offense, and (3) the need to deter others likely to commit similar offenses. In reviewing a grant or denial of probation, this Court also considers (1) the circumstances of the offense, (2) the defendant's criminal record, (3) his/her social history, (4) present physical and mental condition, and (5) the deterrent effect of the sentence. Id. This Court has previously determined that a negative finding of any one of these factors is sufficient to support a denial of probation. State v. Baron, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983). Probation may also be denied based upon the circumstances surrounding the offense. State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). This standard has essentially been codified at Tenn. Code Ann. § 40-35-103 (1)(b) as the need to avoid depreciating the seriousness of the offense. Id. at 375.

The appellant Bingham pled guilty to three counts of burglary of a motor vehicle, a Class E felony. He was sentenced to serve two years on community corrections for each count. These sentences were ordered to run consecutively. He also pled guilty to six counts of theft of property valued under $500, a Class A misdemeanor. He was sentenced to three consecutive eleven month and twenty-nine day sentences to be served concurrently with three eleven month and twenty-nine day sentences. In this appeal he contends that the trial court erroneously imposed confinement and should have imposed concurrent sentences. We disagree.

The record reveals that the trial judge correctly considered the principles of sentencing. Therefore, our review is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990).

The trial judge found one enhancement factor[1] and two mitigating factors[2] applicable to this appellant. The appellant's allegation that he should have received an alternative sentence is misguided. The trial judge found that the appellant was a suitable candidate for alternative sentencing and ordered part of the appellant's sentence to be served on community corrections. It is well settled that community corrections is an alternative sentence. State v. Taylor, 744 S.W.2d 919, 920 (Tenn. Crim. App. 1987). However, he did not completely probate the appellant's sentence and ordered consecutive sentences because of the appellant's history of criminal behavior, his "sorry" employment and social history, and the need to avoid depreciating the seriousness of the offense. We find that the evidence supports the trial court's findings. The appellant has failed to overcome the presumption of correctness. His sentence is affirmed.

The appellant Baker pled guilty to two counts of burglary of a motor vehicle. He was sentenced to two years on community corrections for each count. These sentences were ordered to run consecutively. Baker also pled guilty to three counts of theft of property valued under $500. He received two consecutive eleven month and twenty-nine day sentences to be served concurrently to one eleven month twenty-nine day sentence. The appellant contends that the confinement was inappropriate and that he should have been classified as an especially mitigated offender.

The record reveals that the trial judge correctly considered the principles of sentencing. Therefore, our review is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990).

---

[1]The appellant has a previous history of criminal behavior. Tenn. Code Ann. § 40-35-114(1) (1990).

[2]The court found that the appellant's conduct neither caused nor threatened serious bodily injury and that the appellant assisted authorities in locating or recovering property involved in his crimes. Tenn. Code Ann. § 40-35-113(1) & (10) (1990).

In sentencing Baker the trial court found one enhancement factor[3] and two mitigating factors[4] applicable. The trial judge rejected the appellant's argument that he should be classified as an especially mitigated offender finding that he had previously pled guilty to two felony charges. The trial judge did find that the appellant should receive an alternative sentence. He split the sentence between confinement and community corrections. In declining to completely probate the appellant's sentences and in ordering consecutive terms, the trial judge found that the appellant had contradicted himself throughout the sentencing hearing. Furthermore, he had misrepresented facts or lied in his presentence report. It is well settled that an appellant's lack of candor may serve as the sole basis for denying probation. State v. Dykes, 803 S.W.2d 250 (Tenn. Crim. App. 1990); State v. Jenkins, 733 S.W.2d 528 (Tenn. Crim. App. 1987). Based upon his prior history of criminal behavior, his lack of candor, and the need to avoid depreciating the seriousness of the offense, the trial court ordered consecutive confinement. We find that the evidence supports the trial court's findings. The appellant has failed to overcome the presumption of correctness. His sentence is affirmed.

The appellant Patterson pled guilty to two counts of burglary of a motor vehicle. He received two consecutive years on community corrections for each count. He also pled guilty to two counts of theft of property valued under $500. He received two consecutive eleven month and twenty-nine day sentences for these convictions. The convictions on community corrections were ordered to run consecutively to the theft convictions.

Patterson contends that the trial court erroneously applied nonstatutory enhancement factors and sentenced him above the minimum of the range for his

---

[3]The appellant has a previous history of criminal behavior. Tenn. Code Ann. § 40-35-114(1) (1990).

[4]The court found that the appellant's conduct neither caused nor threatened serious bodily injury and that the appellant assisted authorities in locating or recovering property involved in his crimes. Tenn. Code Ann. § 40-35-113(1) & (10) (1990).

convictions. Furthermore, he argues that his sentences should have been ordered to run concurrently to one another. We disagree.

There exists at least one enhancer and two mitigators[5] applicable to this appellant. The appellant had a previous history of criminal behavior and had other charges pending in other counties. Also, the trial court found that the appellant had failed to show up at the initial sentencing hearing resulting in a capias being issued for his arrest. This Court finds, as did the trial court, that this illustrates the appellant's cavalier attitude and dilutes his seriousness concerning the serious crimes he committed. Consequently, the trial judge felt that he must strictly sentence the appellant to deter him and others from future criminal conduct and to avoid depreciating the seriousness of the offense. We find that the evidence supports the trial court's findings. The appellant has failed to overcome the presumption of correctness. His sentence is affirmed.

After careful consideration of each appellant's issues and arguments, we find no error of law mandating reversal.

AFFIRMED

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

---

[5]The court found that the appellant's conduct neither caused nor threatened serious bodily injury and that the appellant assisted authorities in locating or recovering property involved in his crimes. Tenn. Code Ann. § 40-35-113(1) & (10) (1990).

_____
JERRY L. SMITH, Judge