STATE of Tennessee, Appellee,

v.

**William O. HORNE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 9, 1980.

Permission to Appeal Denied by Supreme Court on Feb. 9, 1981.

James H. Beeler, Kingsport, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Phyllis Fitzwilson, Asst. Dist. Atty. Gen., Blountville, for appellee.

OPINION

HOUSTON M. GODDARD, Special Judge.

William O. Horne, Defendant-Appellant, appeals a judgment of the Criminal Court for Sullivan County which, upon his plea of guilty, (1) convicted him of the offense of driving under the influence of an intoxicant, (2) fined him $50 and costs, (3) sentenced him to two days in jail, and (4) revoked his driving privileges for a period of six months. By this appeal he insists that the Court abused its discretion in not granting his motion for probation under the provisions of T.C.A. 40–2909.

The facts giving rise to this prosecution are undisputed. The 41-year-old Defendant, a resident of Connecticut, is a sales representative in the book printing division of Arcata National. His duties include entertaining customers. July 15, 1979, about 2:30 a. m., the Defendant was transporting two customers from one party to another. Apparently the first party had terminated earlier, but some of the customers opted to continue the merriment. A van, which is usually available and operated by one not

fully participating in the entertainment, was not available on this occasion because the first party had concluded and, presumably, the driver had departed. The Defendant was arrested after being stopped for failing to obey a red light. He was unable to find his driver's license, was staggering and "very intoxicated." He submitted to a blood alcohol test which showed the alcoholic content of his blood to be .27 percent.

With reference to the Defendant's motion for probation, the proof shows the following. The Defendant is married and the father of three minor children, ages 17, 16 and 12. He has no prior convictions. As already noted, he is employed as a sales representative for Arcata National. His duties encompassed negotiation with and entertainment of representatives of large publishing houses, both in Kingsport where this offense occurred and other parts of the country. His duties require him to spend approximately one-third of his time on the road. It is imperative that he be able to rent and drive an automobile. His duties also require that he be present at seminars and parties for those doing business with his company. Alcoholic beverages are served at the seminars, and although it might be possible, it would be difficult for him to attend and not drink, but he could avoid driving after drinking. On the occasion giving rise to his arrest, the Defendant was not speeding, no accident was involved, and he was cooperative with the arresting officer.

Mr. Wilfred Kunold, the Defendant's immediate superior, testified that the Defendant is a man of good character, a valued employee whose job performance is above average, and that if the Defendant lost his license for a period of six months it would be difficult for him to continue employment and the company might seek his resignation. Mr. Kunold also testified—which is a sad commentary on business practices of the printing industry—that it is impossible for the Defendant to properly do his job without drinking.

We find no reported case which addresses matters to be considered in granting the probation contemplated under T.C.A. 40–2909, which is different from conventional probation because the probationary period is prior to conviction and contemplates that the pending charge will be dismissed if all goes well. We conceive the matters to be considered are the same as in ordinary probation hearings under T.C.A. 40–2904.

The Court's denial of probation was predicated on a number of factors. First, he was of the opinion the Defendant was not sufficiently contrite regarding his dereliction, did not appreciate the gravity of the offense and treated it in a rather cavalier manner. Second, from the Defendant's testimony and demeanor the Court inferred that notwithstanding his testimony to the contrary, he would continue to drive after drinking "regardless of the law or situation." Third, the Court considered that in light of the blood alcohol test the Defendant was not slightly under the influence, but was in fact extremely drunk. And lastly, the Court considered deterrence.

The Defendant principally attacks the Court's consideration of deterrence, arguing that the amendment to T.C.A. 40–2904 which included deterrence as a matter to be considered by the Trial Court, did not cure the shortcomings pointed out by Mr. Justice Henry in *Moten v. State*, 559 S.W.2d 770 (Tenn.1977). We believe counsel has overlooked the fact that matters relating to punishment and probation are the prerogative of the Legislature, and that its pronouncements—so long as they pass Constitutional muster—must be honored by the Courts. Although in *Moten* the Court held that deterrence was not a valid consideration for denial of probation, the Legislature reversed the Court, so to speak, by enacting the amendment above noted. We are of the view, however, that a denial on the basis of deterrence alone must be supported by some proof that the sentence imposed will have a deterrent effect within the jurisdiction—for example, the sentence sought to be a deterrent is for a crime which is rampant, or at least on the increase in the area. In the present case, however, we do not have to make this determination be-

cause the Court included other grounds which we think are unquestionably valid. The Defendant's attitude toward the crime and his degree of intoxication were properly considered, the former under "present condition," and the latter under "the circumstances of the offense." Consequently, we conclude the Trial Court did not abuse his discretion in failing to grant probation.

The judgment is affirmed.

DWYER * and BYERS, JJ., concur.