STATE of Tennessee, Appellee,

v.

Margaret VANCE, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 18, 1981.

288

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, David Crockett, Asst. Atty. Gen., Elizabethton, for appellee.

W. Robert Manuel, Erwin, for appellant.

OPINION

O'BRIEN, Judge.

Defendant was indicted by the Unicoi County Grand Jury for grand larceny, burglary, receiving stolen property, and concealing stolen property. She submitted a guilty plea to receiving stolen property under the value of $200 and was sentenced to one (1) year in the penitentiary to be served in the Unicoi County Jail.

The charges against defendant arose out of the multicount indictment charging her with burglary and theft, and receiving or concealing a number of batteries of various types from different business establishments in and about Unicoi County. The majority of these batteries were purportedly of a large commercial type used for the operation of heavy machinery. The only evidence in the record is that she was the driver of a vehicle used to transport a number of batteries to Carter County to be sold there to a junk dealer. As the result of a police investigation one battery, a regular car battery, was recovered from the Carter County junk dealer. Defendant admitted driving her automobile to Carter County. Under cross-examination at the probation hearing she testified that a stranger had come to her house looking for her cousin. At his request she allowed him to load a number of batteries into her car and drove him to the adjoining county where presumably they were to be sold. According to her she was paid $10 for this service.

All other evidence at the probationary hearing was favorable to the defendant. On the date of the hearing she was a twenty-one-year-old, married mother of two small children. As the hearing progressed and cross-examination took place the story developed, heretofore related, that a stranger had come to her house and asked her to take him to Roane Mountain to sell the batteries which had been loaded into her car. At this point the trial judge admonished her that the truth of her testimony would be an important factor in granting or denying probation. She insisted the story which she had told was the truth. At the conclusion of the hearing the trial judge

denied probation stating his reasons to be, "as a deterrent to crime here in Unicoi County"; "I don't believe a word she said past her name."

The wellspring of our suspended sentence cases is *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974), which consolidated the rules and enunciated the principals upon which suspended sentences should properly be granted or denied. It is upon that decision that a majority of the later cases of any significance have been based. In *State v. Grear*, 568 S.W.2d 285 (Tenn.1978), our Supreme Court further defined and restated the rule in this language:

> "In our view, in order for the reviewing appellate court to be warranted in finding an abuse of discretion by the trial court in these cases it must demonstrate that the record contains no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute and decisions of this Court as appropriate for determining suitability for probation.
>
> Those criteria are '... the circumstances of the offense, criminal record, social history, and present condition of the defendant,' T.C.A. § 40–2904; the physical and mental condition, where appropriate, of the defendant, *Stiller v. State, supra*; and the likelihood, or lack thereof, that probation will subserve the ends of justice and the best interests of both the public and the defendant, *Hooper v. State, supra* [201 Tenn. 156, 297 S.W.2d 78]. The record should contain findings of fact of the trial judge respecting these criteria as well as his conclusions of law with respect thereto; otherwise, meaningful appellate review is not possible."

By virtue of Chapter 911 of the Public Acts of 1978, the Legislature amended T.C.A. § 40–2904 to add that, "the trial judge may deny probation upon the ground of the deterrent effect upon other criminal activity." We examine the evidence in the light of the governing criteria: (1) The circumstances of the offense have previously been discussed somewhat briefly. The only evidence of defendant's implication in any offense against the law was her own statement that, for the payment of $10, she had driven an unknown stranger with a number of batteries he had loaded into the trunk of her car into the next county for the purpose of selling them to a junk dealer. The proof was that one automobile battery was recovered from that dealer. The evidence does not show how defendant was identified as driver of the vehicle other than her own admission. By her insistence on this tale she was hoisted with her own petard. Investigation by county police officers developed that her vehicle had been involved in the sale of batteries at other junk yards in the area although defendant was never identified as being a participant in those activities. The proof was that some of the batteries were quite heavy and would require two people to handle them. It is plain from the comments of court and counsel that defendant was suspected of endeavoring to protect her husband in the theft and sale of the batteries. (2) The probation report indicates that defendant had no previous criminal record. (3) Her social history shows she was a lifetime resident of the area. She had completed the seventh grade of elementary school, had no history of drug or alcohol abuse. She was the unemployed mother of two children aged one (1) year and four (4) years, devoting her time to their care. She was residing with her husband's parents and dependent on various types of public assistance to provide for her and her children. (4) Her physical condition was good, while her mental condition appears to be typical of the average person in her social strata of the Applachian community where she resides. (5) Considering, in reverse order, the likelihood, or lack thereof, that probation will subserve the ends of justice and the best interest of both the public and the defendant, there can be no doubt that no benefit can accrue to this twenty-one-year-old mother of two infant children to deny her probation. In the same vein, it is difficult to see how the best interest of the public can be served in any way by her incarcera-

tion. Insofar as the ends of justice are concerned, on the evidence before us, the only crime committed by this defendant was an attempt to shield her husband from the law in whose hands, there is more than a strong suspicion, he richly deserves to be. To say that the ends of justice will be subserved by imprisoning this youthful and immature woman is a travesty on that same justice we seek to preserve.

■ As the appellate courts so frequently say, and the statute so plainly implies, see *State v. Grear*, supra; T.C.A. § 40–2904, the record should contain findings of fact of the trial judge respecting the criteria set forth in his opinion, as well as his conclusions of law with respect thereto; otherwise, meaningful appellate review is not possible. The entire ruling of the trial judge in this case is contained in thirty-one words:

> "Probation is denied for the following reasons, number one, as a deterrent to crime here in Unicoi County, and number two, I don't believe a word she said past her name."

■ In granting or denying a petition for suspended sentence there is no requirement that the trial judge enumerate all of the criteria set out in the case law and statutes applying to such matters. One factor alone may provide sufficient basis for his decision. See *Powers v. State*, 577 S.W.2d 684 (Tenn.Cr.App.1978). However, there is no exception to the rule that all the criteria must be considered and weighed in order that the rights preserved to the defendant and to the State are fully accorded, and the action of the trial judge is not capricious, arbitrary, or a palpable abuse of his discretion. See *Stiller v. State*, supra. The first grounds stated for denial of probation by the trial judge was deterrent to crime in Unicoi County. The judgment in this case was rendered in November of 1980, and the trial judge did not have the benefit of our opinion in *State v. Horne*, 612 S.W.2d 186 (Tenn.Cr.App.1980), permission to appeal denied 2/9/81. This Court said, "... We are of the view, however that a

denial on the basis of deterrence alone must be supported by some proof that the sentence imposed will have a deterrent effect within the jurisdiction—for example, the sentence sought to be a deterrent is for a crime which is rampant, or at least on the increase in the area." There is no evidence in this record that any such condition exists. The pre-sentence report prepared for the trial judge specifically sets out that defendant's place of residence is a medium crime area. There is no evidence whatsoever in the record that defendant was not repentant, contrite, or that she was likely to engage in any other criminal offense. Therefore, there was no evidence that the deterrent effect of denying probation would subserve the ends of justice or the best interest of either the public or the defendant.

■ The remaining facts for denial stated by the trial judge was his disbelief of defendant's testimony at the probationary hearing. It is unfortunate for this young woman that she so heeded the Biblical admonition to hew to her husband[1] that she violated the sanctity of her sworn oath to tell the truth. Her guilty plea notwithstanding, a thorough perusal of this record reveals no greater crime on her part.

The probation report submitted to the judge is not only devoid of any unfavorable comment which would warrant denial of probation, but to the contrary, the summary which it contains is wholly favorable to the defendant with two exceptions. It indicates that the attitude of law enforcement authorities in the area is unfavorable to probation. This is understandable in light of the arduous task the authorities have in the enforcement of the law. However, their disinclination to consider probation as a rehabilitative tool in the restoration of those who violate society's rules of conduct to useful and productive citizenship is not in harmony with the legislative intent in enacting the probation statutes. See *Stiller v. State*, supra. The other unfavorable comment relates to defendant's environment.

---

1. Ephesians 5:22, et seq.

While the fact of her birth into Appalachia and her heritage of poverty, might in the eyes of some connote an unfavorable atmosphere for rehabilitation, the law must treat rich and poor alike and look upon none with disfavor because of their circumstances in life. The probation report concludes with the reporting officer's evaluation that the degree of risk is high against the possibility of defendant's success as a candidate for probation. But the report which he submitted contains no evidence to sustain that conclusion. Under the facts of this case we are of the opinion that there was an abuse of discretion in denying probation.

The case is remanded to the trial court for the entry of an order of probation to include "such conditions of probation as the trial judge shall deem fit and proper." T.C.A. § 40–2902. See *Moten v. State*, 559 S.W.2d 770 (Tenn.1977).

REVERSED AND REMANDED.

DAUGHTREY, J. and JOHN TEMPLE-TON, Special Judge, concur.