**STATE of Tennessee, Appellee,**

v.

Edward Bernard **RICHBOURG, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 17, 1984.

Permission to Appeal Denied by Supreme Court Oct. 1, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., John Zimmerman, Asst. Dist. Atty. Gen., Nashville, for appellee.

Carlton H. Petway, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was indicted by the Davidson County Grand Jury and convicted of accepting a bribe in violation of T.C.A. Sec. 39–5–104. He was sentenced to serve not less than four (4) years nor more than six (6) years in the penitentiary.

He raises three issues for error, asserting (1) that the trial court erred by failing to properly instruct the jury they could fix the maximum sentence at the same number of years fixed by law as the minimum sentence; (2) he was not properly convicted under the provisions of T.C.A. Sec. 39–5–104; (3) and that the trial court erred in denying him a suspended sentence.

On the first issue, in the case of the *State v. Walter Thomas Kelly*, 603 S.W.2d 726, (Tenn.1980), the Supreme Court concurred in the action of this Court in reversing the conviction because of the error of the trial court in failing to adequately instruct the jury that in reaching its verdict it could fix the maximum punishment at the minimum prescribed by statute. In *Kelly* the case was remanded for a new trial. We do not think a new trial is required in this case. Although the trial judge's failure to follow T.P.I.–Crim. 38.01 in instructing the jury resulted in error we note the jury sentenced Richbourg to a minimum sentence of four (4) years. This is two (2) years greater than the least

sentence provided by law for the conviction offense. We think the error in jury instructions should be corrected by reducing the maximum sentence to the same number of years set by the jury as the minimum sentence. We modify defendant's sentence to be not less than four (4) years nor more than four (4) years in the penitentiary, subject to the State's objection. If the State objects to this modification the case is remanded for a new trial.

■ The defendant questions whether he was subject to the provisions of T.C.A. Sec. 39–5–104 because in his capacity as a hearing officer with the Pardons and Parole Board he did not have the authority to effect the release of an inmate from custody. In *Wells v. State*, 129 S.W.2d 203, 204, 174 Tenn. 552 (1939), a case where the defendant was charged with offering a bribe, the court made it clear that the gravamen of the offense under Code Section 11084, now T.C.A. Sec. 39–5–104, was the corrupt acceptance of a bribe for performing some act, in his official capacity, other than required by law of the acceptor, or for failing to perform a required duty. The power to accomplish the act for which the bribe was accepted is not encompassed in the statute. The issue is without merit.

■ Defendant's final complaint relates to denial of a suspended sentence. He complains of failure of the trial court to set out any basis for his denial of probation in accordance with the requirements of T.C.A. Sec. 40–21–104. It would save a great deal of trouble both for the trial court and at the appellate level if trial judges would heed the statute and recite the reasons for granting or denying probation. See *State v. Vance*, 626 S.W.2d 287 (Tenn.Cr.App.1981). It is apparent from a study of this record that the trial judge considered the background of the defendant, including a prior drug conviction, in making his decision. It is also plain that defendant was less than candid with the court in making his application for probation. The judge commented that the circumstances of the offense for which defendant was convicted represented a violation of a public trust which should be taken more seriously than other matters. The burden of proof is on an accused to specifically show entitlement to a probated sentence. The judgment denying a petition for probation is presumed to be correct and is not reviewable on appeal except for an arbitrary and capricious abuse of discretion. T.C.A. Sec. 40–21–104(a)(1). For an appellate court to find an abuse of discretion, the record must contain no substantial evidence to support the judge's conclusion. *State v. Grear*, 568 S.W.2d 285 (Tenn.1978), cert. denied 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979). The judge considers whether granting probation will benefit the defendant and the public, and he may deny relief on the grounds of the deterrent effect upon other criminal activity. T.C.A. Sec. 40–21–104(a)(1). Denial may be based on one appropriate factor. *Powers v. State*, 577 S.W.2d 684 (Tenn.Cr.App.1978). The circumstances mentioned by the trial judge coupled with defendant's past criminal record warrants the denial of probation.

We affirm the judgment of the trial court as modified.

DUNCAN and DAUGHTREY, JJ., concur.