IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. SHERMAN DUNLAP

**Appeal as of Right from the Circuit Court for Coffee County**
**No. 28, 329     John W. Rollins, Judge**

---

**No. M1999-00325-CCA-R3-CD  - Filed August , 2000**

---

Jerry Smith, J., concurring in results

While I concur fully in the judgment of the Court denying the appellant full probation, I do so because the record reflects the appellant has received probation for a number of previous offenses, but has yet to be rehabilitated. Thus, "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the [appellant]." See Tenn. Code Ann. §§ 40-35-103(c). This reason alone amply justifies the denial of probation in this case.

While I concede that the majority is correct that this Court has held in the past that certain crimes carry an intrinsic need for "deterrence" through incarceration, thus obviating the need for extrinsic evidence on the issue, I believe the result of those cases should be revisited. Such a re-examination has convinced me that those cases are erroneous in so far as they hold that the need for deterrence may be established for certain crimes without resort to extrinsic proof.

First these "deterrence per se" cases offer no principled method for determining when the need for extrinsic proof of the value of deterrence may be unnecessary. Thus, the sentencing court is left to guess as to whether denial of probation on the basis of deterrence must be based on extrinsic evidence. Such a result lends itself to uncertainty in the law, a result which should be avoided to the greatest extent possible.

Secondly, these "deterrence per se" cases stand in stark contrast to a lengthy and venerable line of cases which, it appears to me, require extrinsic proof of the need for deterrence through incarceration for all sorts of criminal acts. See e.g. State v. Lane, 3 S.W.3d 456, 462 n. 15 (Tenn. 1999); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991); State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993); State v. Smith, 735 S.W.2d 859, 864 (Tenn. Crim. App. 1987); State v. Jenkins, 733 s.W.2d 528, 535 (Tenn. Crim. App. 1987); State v. Horne, 612 S.W.2d 186, 187 (Tenn. Crim. App. 1980). Indeed our Supreme Court has never even hinted that there may be some exception to the rule requiring extrinsic evidence in these cases.

In summary I believe that in all cases where deterrence forms the basis of a denial of probation there must be some evidence adduced establishing the need for it. However, in view of the fact that an appropriate reason exists for denying probation I concur in the judgment of the Court.