IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

January 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9701-CR-00032 |
| Appellee, | * | CARTER COUNTY |
| VS. | * | Hon. Arden L. Hill, Judge |
| ANTHONY CHARLES GODSEY, | * | (Sexual Battery) |
| Appellant. | * | |

For Appellant:

Robert Y. Oakes
Office of the Public Defender
First Judicial District
Main Courthouse
Elizabethton, TN 37643

Gerald L. Gulley, Jr.
Attorney
P.O. Box 1708
Knoxville, TN 37901-1708
(on appeal only)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

Kenneth C. Baldwin
Assistant District Attorney General
900 East Elk Avenue
Elizabethton, TN 37643

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The defendant, Anthony Charles Godsey, was indicted by a Carter County Grand Jury for aggravated sexual battery. Pursuant to a plea agreement, the defendant entered a guilty plea to sexual battery, a Class E felony. Tenn. Code Ann. § 39-13-505. The trial court approved a Range I, five-year sentence but denied the defendant's application for probation.[1]

In this appeal of right, the defendant contends that the trial court should have granted probation, split confinement, or Community Corrections. We find no error and affirm the judgment of the trial court.

On the evening of August 3, 1995, the defendant delivered some firewood to the residence of his friend, Lawrence "Buck" Hite. Hite's ex-wife, Nellie, and her two minor daughters were present. After drinking several beers with Hite, the defendant "laid down on the couch like on numerous occasions" to spend the night. During the early morning hours of the next day, the defendant went to the bed of the eight-year-old victim, "pulled down her panties, kissed her around her vagina, and made digital penetration...." When the victim began to cry, the defendant left her bedroom. Later, the victim told her grandmother who, in turn, told Ms. Hite. A physical examination of the victim at Northside Hospital indicated sexual abuse.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code

---

[1] A Range I sentence for a Class E felony is one to two years; a Range III sentence is four to six years. Tenn. Code Ann. § 40-35-112. Our supreme court approved such hybrid sentences as long as they are the product of a "plea agreement entered voluntarily and knowingly." Hicks v. State, 945 S.W.2d 706 (Tenn. 1997).

Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Subsection (2) would initially exclude the defendant from receiving a Community Corrections sentence because sexual battery is a "crime[] against the person" codified in "title 39, chapter 13, parts 1-5." See Dwight Leatherwood v.

4

State, No. 113 (Tenn. Crim. App., at Knoxville, Oct. 4, 1990). He is possibly eligible, however, under the special needs provision of the Act, which allows some individuals who commit crimes against the person to be placed on Community Corrections if they have special needs arising from mental health problems for which treatment is available. Tenn. Code Ann. § 40-36-106(c).

The 1989 Act does provide that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). And, while we acknowledge that de novo appellate review does not relieve the trial judge from compliance with the provisions of § 40-35-209(c), we are nonetheless able to conclude that the record is adequate to support the denial of an alternative sentence.

The defendant, thirty-one years of age, has an eleventh grade education and has worked as a roofer. An alcoholic who has drunk heavily since the age of sixteen, the defendant has stated that he is "willing to do whatever is necessary to try to treat" his problem with alcohol. The defendant provides little in the way of support for his only child, a thirteen-year-old daughter. He is divorced and lives with his parents.

The presentence report reveals that the defendant has had a number of brushes with law enforcement since the time he was nineteen years old. The record establishes that the defendant had eleven prior convictions for public intoxication, and prior convictions for driving under the influence, destruction of private property, driving on an expired license, driving on a revoked license, reckless burning, resisting arrest, and disorderly conduct. After being placed on an intensive

probation program in 1990, the defendant was convicted of driving under the influence within a year thereafter. The defendant became intoxicated while on work release and took marijuana into the county jail; that resulted in an additional thirty-day incarcerative sentence and another year of probation. In 1995, the defendant was convicted of reckless burning, resisting arrest, and disorderly conduct; he committed sexual battery while on probation for those offenses.

While stating a belief that the defendant was not a "full blown" pedophile, the trial court determined that the defendant's continuous abuse of alcohol presented a significant risk to others. It denied probation upon the basis that conditional release from incarceration had not worked in the past. The defendant's prior criminal history was a significant factor in the denial. The trial court also pointed to deterrence, both individual and general. It concluded that the victim had been "injured for the rest of her life," based upon testimony by her mother that she suffered both physical and psychological consequences from the assault.

In our view, the defendant's prior criminal history militated against the grant of probation. Although an important sentencing consideration is to impose the least severe punishment necessary, the grant of probation might tend to depreciate the seriousness of this offense. Tenn. Code Ann. § 40-35-103(1)(B). His failure to rehabilitate after a number of previous jail terms and periods of probation indicates a lack of amenability for rehabilitation. Measures less restrictive than confinement have been unsuccessful. Tenn. Code Ann. § 40-35-103(1)(C). The number of the prior offenses as much their gravity tend to support the denial of probation or a sentence of split confinement. See Tenn. Code Ann. § 40-35-306.

6

Deterrence, of course, can rarely be the sole reason for the denial of an alternative sentence. State v. Cummings, 868 S.W.2d 661, 668 (Tenn. Crim. App. 1992); State v. Hartley, 818 S.W.2d 370, 375 (Tenn. Crim. App. 1991).[2] Yet sentencing requires an individualized, case-by-case approach. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). That method of analysis necessarily embodies the exercise of discretion at the trial court level. See State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). Thus, there is a sound basis for the presumptive correctness standard of appellate review:

> It is not the policy or purpose of this Court to place trial judges in a judicial strai[gh]t-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers.

State v. Ashby, 823 S.W.2d 166, 171 (Tenn. 1991). That principle prevails here on the matter of probation, split confinement, and Community Corrections. In our view, the trial court acted within its discretion in denying an alternative sentence.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge

_____

[2]Deterrence is a factor in every criminal case and, therefore, the statutory denial of probation because of deterrence, alone, must be supported by evidence indicating some special need or consideration relative to that jurisdiction which would not be addressed by the normal deterrence inherent in any criminal penalty. See State v. Jenkins, 733 S.W.2d 528, 535 (Tenn. Crim. App. 1987); State v. Vance, 626 S.W.2d 287, 290 (Tenn. Crim. App. 1981). This standard appears in section 40-35-103(1)(B) of Tenn. Code Ann., which provides for confinement if it is "particularly suited to provide an effective deterrence to others likely to commit similar offenses."