**Gregory Lee POWERS and Doug Moore, Appellants,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 13, 1978.

Certiorari Denied by Supreme Court Feb. 20, 1979.

J. Klyne Lauderback, Bristol, for appellants.

William M. Leech, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Jr., Dist. Atty. Gen., Phyllis Fitzwilson, Asst. Dist. Atty. Gen., Kingsport, for appellee.

OPINION

RUSSELL, Presiding Judge.

The appellants, Gregory Lee Powers and Doug Moore, were convicted, after pleading guilty in the Criminal Court of Sullivan County, Tennessee, of the crime of improper disposition of a dead human body, and both were sentenced to one to five years in the State Penitentiary. The appellants pe-

titioned for suspended sentences and probation, but the trial court denied their applications. They now appeal from those denials. We have consolidated these two cases on appeal in view of the fact that they arise out of the same series of events and present identical issues.

The facts show that on the night of May 12, 1977, the appellants and another friend went to the home of an eighteen-year-old girl, an acquaintance of appellant Powers, picked her up, purchased some beer, and drove to Powers' mobile home. There they drank the beer, smoked marijuana, and the girl drank between a pint and a quart of moonshine whiskey. All three men apparently had sexual relations with the girl during the course of the evening. At some point, the girl became very ill, lost consciousness, and attempts to revive her failed. The appellants then undressed her, washed her clothes, and placed her in the shower. After her clothes dried, they dressed her and placed her on a bed, leaving her there until the next morning, when they finally determined that she was dead. After some deliberation, they placed the girl's body in the trunk of a car, proceeded to a mountainous area of Sullivan County, and buried her.

At the probation hearing, appellant Powers offered the testimony of his wife, who stated that she and appellant had been married for four and one-half years, that the appellant was employed, supported her and their child and was a good husband. A neighbor testified that Powers was a "good boy" and that she had never heard anything bad about him. The State offered the testimony of the dead girl's mother and the Sullivan County Sheriff, who stated that the appellants changed their statements several times during the course of the investigation. A probation report was submitted to the trial court.

Appellant Moore offered no testimony on his own behalf, choosing instead to rely on the contents of his probation report. The State presented a Deputy Sheriff, who testified that Moore showed no signs of remorse and smiled and smirked throughout the preliminary hearing.

The trial judge, in considering appellants' petitions for suspended sentences and probation, heard testimony generally favorable to the appellants, with the exception of the testimony by the Sheriff and his deputy. He had before him the probation reports, which we have read, and which cannot be said to be unfavorable to either appellant. In denying probation, the court indicated that the sole basis for his decision was the circumstances and nature of the offense. The appellants, in their only assignment of error, contend that this constituted an abuse of discretion, noting that *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974), provides five factors to be considered by the trial court in determining whether probation is appropriate.

The precise issue in this case, therefore, is whether it is an abuse of discretion for the trial court to base his decision to deny probation solely upon the nature and circumstances of the crime, when the other factors to be considered, i. e., criminal record, social history, present condition, and physical and mental condition, do not negatively reflect upon the defendant's candidacy for probation.

■ In order for the reviewing appellate court to be warranted in finding an abuse of discretion in these cases, we must find that the record contains "no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute [Tenn.Code Ann. § 40–2904] and decisions" of the Supreme Court. *State v. Grear*, 568 S.W.2d 285 (Tenn.1978).

■ We find nothing in either the case law or the statutory law which requires the trial judge to enumerate all of the *Stiller* factors when one such factor alone provides a sufficient basis for his decision. Indeed, our Court, in *Mattino v. State*, 539 S.W.2d 824 (Tenn.Cr.App.1976), has stated that the nature or circumstances of the offense may provide a sufficient basis for denial of probation, particularly where heinous crimes or

crimes of violence against the person are involved. We note, also that the General Assembly has expressly provided that "the trial judge may deny probation upon the ground of the deterrent affect upon other criminal activity". T.C.A. § 40–2904. While that statute requires that the trial judge set out the reasons for the ruling made, setting out one sufficient reason would be a compliance and permit the review contemplated.

 Since the nature and circumstances of the crime is a proper factor to be considered, *Stiller, supra,* and the record contains ample evidence concerning the nature and circumstances of the crime, we cannot say that there is no substantial evidence to support the conclusion of the trial court. We find, therefore, no abuse of discretion.

The judgments of the trial court denying the petitions for probation of Gregory Lee Powers and Doug Moore are affirmed.

DUNCAN, J., and JOHN D. TEMPLETON, Special Judge, concur.