STATE of Tennessee, Appellee,

v.

**John S. BARON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 10, 1983.

Order on Petition to Rehear June 1, 1983.

Permission to Appeal Denied by Supreme Court Sept. 6, 1983.

Petition to Rehear Permission to Appeal Denied by Supreme Court Oct. 31, 1983.

Seth W. Norman, Vance Cramb, Jr., Nashville, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Weakley E. Barnard, Jack Seaman, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

On May 21, 1980, the appellant was convicted by a jury for violating T.C.A. § 39-3-948, making a false or fraudulent insurance claim. His punishment was set at not less than one year nor more than two years. On June 22, 1981, he entered a plea of guilty to the offense of assault and battery, receiving a sentence of eleven months and twenty-nine days to run concurrently with the false claim conviction. His petition for a suspended sentence was denied.

There is no issue as to the sufficiency of the evidence so it suffices to relate that appellant was a former metropolitan police officer in the City of Nashville. He and his wife separated on or about March of 1979. She and the children sojourned to Georgia where they stayed with her parents. In the latter part of March he informed her that their apartment in Warner Park Village had been burglarized and most of their goods had been stolen. In the meantime appellant reported the loss to the Nationwide Insurance Company. His claim was settled by that company by paying appellant $4,100 for his reported loss.

When appellant's wife visited appellant, who was in the hospital, she noticed that a Rolex watch reported stolen was on appellant's arm. She also learned that the insurance company had settled the claim made by the appellant for the loss. Sometime later, a television and other personal property which appellant had reported stolen were delivered to her new apartment.

On September 21, 1979, the estranged wife reported to the authorities her suspicions that appellant had filed a false claim and told them that articles reported stolen had been returned to her apartment. This information was used by the officers in their affidavit for a search warrant, which was obtained and executed on the same day. A search of appellant's apartment uncovered many of the articles he had reported stolen.

The first issue: Whether the trial court erred in overruling appellant's motion to suppress the search warrant. Appellant aims his attacks at the affidavit which supported the warrant. He urges that the affidavit was defective because it related no date upon which the magistrate could determine that the alleged contraband was still on the premises and further argues that the informant was unreliable. The affidavit, as reflected by a perusal of the warrant which is an exhibit, reveals:

"That on March 27, 1979, the said John S. Baron reported that an apartment occupied by him and his estranged wife had been burglarized and the items described in Exhibit A were taken therefrom; that said report was made to the police department and to Nationwide Insurance Company who had insured the contents of said apartment; that as a result of said claim on said insurance company, the said John S. Baron has received payment of said loss.

"(B)

"Affiant has been informed by a reliable citizen of Davidson County, Tennessee whose name he has given the judge before whom he is applying for a search warrant, that: Said informant is personally acquainted with the said John S. Baron and told affiant about the burglary report and the claim of loss to said insurance company; that affiant has verified that said report and claim were made; that informant told affiant that said informant personally observed John S. Baron deliver a Zenith portable T.V.

and certain items of silverware listed on Exhibit A to Becky Baron, the estranged wife of John S. Baron; that said informant has personally observed said subject wearing the watch and other items of jewelry reported stolen; that another informant has overheard said subject tell said Becky Baron that he is in possession of the stereo speakers reported stolen; that affiant verily believes that since the items returned to Becky Baron were reported stolen, John S. Baron is still in possession of all or a portion of said items and has made a fraudulent claim to said insurance company. This information was conveyed to affiant on September 20 and 21, 1979."

■ The absence of a specific date on which the illegal activity was observed is not controlling. In *State v. Baker,* 625 S.W.2d 724 (Tenn.Cr.App.1981), the court held as follows:

"We conclude the absence of a specific date in the affidavit setting out when the illegal activity was observed is not required if the affidavit sets out sufficient facts from which the magistrate issuing the warrant could find probable cause to believe the illegal activity, or other matters justifying a search, are occurring or are present on the premises when the search warrant is issued."

The affidavit before the magistrate listed the following facts: (1) that John Baron reported a burglary of his premises on March 27, 1979; (2) that the items which were allegedly taken were listed on an attached form; (3) that reports of the burglary had been made to the police and to the insurance company; (4) that Baron's claim for the stolen articles had been settled by the insurance company; (5) that the informant was personally acquainted with appellant, who told the informant about the reported burglary and claim; (6) that the informant had personally observed Baron wearing the watch and other property reported stolen; (7) that some items reported stolen were delivered to Becky Baron; and (8) that appellant was still in possession of some of the items reported stolen.

It is necessary for a finding of probable cause that the time interval between the alleged criminal activity and the issuance of a warrant not be too great. *See Franklin v. State,* 1 Tenn.Cr.App. 248, 437 S.W.2d 260 (1968); *Welchance v. State,* 173 Tenn. 26, 114 S.W.2d 781 (1938). Based on the facts recited above, the six-month time span from March 27, 1979 (when the burglary was reported), to September 21, 1979 (when the warrant was served), was not unreasonable. The evidence sought to be recovered consisted of household or personal items which, unlike contraband or property which is incriminating in and of itself, were not likely to be rapidly consumed or disposed of. *United States v. Brinklow,* 560 F.2d 1003 (5th Cir.1977). From these facts a neutral and detached magistrate could and did draw the inference that appellant was still in possession of the items reported stolen at the time the search warrant was issued. *See State v. Lewis,* 641 S.W.2d 517 (Tenn. Cr.App.1982).

■ Although an affidavit may be based on hearsay information gained from an informant, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that a crime was being committed and some of the underlying facts from which the affiant could conclude that the informant was credible or that his information was reliable. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Both prongs of this test were met by the affidavit. The reliability of the informant is demonstrated by the statement that the informant had told the affiant about the burglary report and insurance claim and that this information had been verified by the affiant. The requirement that underlying circumstances supporting informant's conclusion that appellant had committed a crime be set out is met by the statements that informant had personally observed appellant wearing a watch and jewelry reported stolen and that informant had personally observed the delivery of "stolen"

items to appellant's estranged wife. While it is true that some of the allegations, such as those expounded by the second informant, are not well-supported, there is no requirement that each factual allegation be independently documented. *Jaben v. United States,* 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965). The affidavit being sufficient, the search and uncovery of the allegedly stolen articles was legal.

The appellant further argues that the evidence should have been suppressed because all of the property which was seized was not listed on the return, and the return was not made until April of 1980. These irregularities do not in any way affect the admissibility of evidence seized as a result of an otherwise valid search. *See State v. Green,* 613 S.W.2d 229 (Tenn.Cr.App.1980); *Bishop v. State,* 582 S.W.2d 86 (Tenn.Cr.App.1979). The trial court did not err in overruling the motion to suppress.

The second issue: Whether the trial court erred in refusing to impeach the search warrant because the supporting affidavit contained misrepresentations of material fact. An affidavit which is sufficient on its face may be impeached in two circumstances: (1) where a false statement was made with intent to deceive the court, regardless of whether the statements are material to the establishment of probable cause, or (2) where a false statement is recklessly made and is essential to establish probable cause. *State v. Little,* 560 S.W.2d 403 (Tenn.1978). Appellant alleges that false statements are contained in the following portions of the search warrant affidavit:

> "[T]hat informant told affiant that said informant personally observed John S. Baron deliver a Zenith portable T.V. and certain items of silverware listed on Exhibit A, to Becky Baron, . . .
>
> "[T]hat said informant has personally observed said subject wearing the watch and other items of jewelry reported stolen; . . .

> "[T]hat another informant has overheard said subject tell said Becky Baron that he is in possession of the stereo speakers reported stolen."

It is true that the appellant's ex-wife was the informant, and she did testify that she did not actually see appellant deliver the stolen goods. It is also true that in her trial testimony she did not positively identify the watch and jewelry as the ones stolen. The evidence does show that the attorney general made a statement that he knew of no second informant. This evidence, however, alone does not support impeachment of the search warrant. *State v. Little, supra.* There is no proof that the informant did not in fact tell the affiant that she saw the stolen goods delivered; the failure to positively identify the watch and jewelry does not call for impeachment of the warrant. Likewise, the naked statement of the attorney general in argument before the court does not establish fraud or collusion in the obtaining of the warrant. Summed up, the appellant has not established a sufficient basis to go beyond this factually valid affidavit. This issue is overruled.

The last issue: Whether the trial court improperly denied appellant's petition for a suspended sentence. There is no transcript of any hearing on the petition for suspended sentence. In the absence of such evidence, there is a presumption that the evidence supports the trial court's denial. The trial judge could properly have considered the fact that appellant was a police officer, sworn to uphold the law, who by his criminal acts has breached the public trust. *Woodson v. State,* 608 S.W.2d 591 (Tenn.Cr.App.1980). Only one such factor is necessary to support a denial of probation. *Powers v. State,* 577 S.W.2d 684 (Tenn.Cr.App.1978). This issue overruled, the judgment of the trial court is affirmed.

WALKER, P.J., and DAUGHTREY, J., concur.

## ORDER ON PETITION TO REHEAR

There has been filed a petition to rehear in this cause. It has been considered in its entirety. The petition to rehear is denied.

/s/ Mark A. Walker
Mark A. Walker, Presiding Judge
/s/ Robert K. Dwyer
Robert K. Dwyer, Judge
/s/ Martha Craig Daughtrey
Martha Craig Daughtrey, Judge