IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2005 Session

## SCOTTY DEWAYNE ROBINSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 76452     Mary Beth Leibowitz, Judge**

---

**No. E2004-02451-CCA-R3-PC - Filed September 1, 2005**

---

The petitioner, Scotty Dewayne Robinson, pleaded guilty to theft of an amount less than $10,000. Pursuant to his plea agreement, the petitioner received a three-year incarcerative sentence as a Range I offender to be served consecutively to the federal sentence he was currently serving. The petitioner filed an untimely appeal, and this court accordingly dismissed the appeal. *State v. Scotty Dewayne Robinson*, No. E2001-02342-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, May 20, 2002). The petitioner subsequently filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel and that as a result, his guilty plea was not knowingly, intelligently, or voluntarily made. The post-conviction court denied the petition, and the petitioner brings the instant appeal challenging that denial. After a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Appellant, Scotty Dewayne Robinson.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane Scarlett, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The petitioner waived an evidentiary hearing, and accordingly, the post-conviction court considered affidavits submitted by the petitioner and by petitioner's former counsel when making its determination. In the petitioner's affidavit, he asserts that he accepted the state's offer for a plea agreement based on counsel's representation that his sentence would be appealable. Specifically, the petitioner asserts that counsel reviewed Tennessee Code Annotated section 40-20-111 with him and informed him that the statute indicates that the petitioner should not have to serve

his state sentence consecutively to his federal sentence. Furthermore, the petitioner asserts that counsel told him that he would appeal his case to the Tennessee Supreme Court, if necessary, to ensure that the petitioner did not serve consecutive sentences. The petitioner states that he entered into his plea agreement based on counsel's assurances that his sentence was appealable and that counsel would appeal the sentence on his behalf. The petitioner further states that if he knew counsel was not going to appeal his sentence, the petitioner would have insisted on going to trial and being represented by new counsel.

The state introduced the affidavit of the petitioner's former counsel for consideration by the post-conviction court. Therein, counsel states that he was appointed to represent the petitioner for the state charge that the petitioner is collaterally attacking through his post-conviction petition. When appointed, counsel had been representing the petitioner in a federal case. The petitioner had been released on bond in that case when he committed the state crime at issue. Counsel further stated that although he does not specifically remember doing so in the petitioner's case, he customarily showed his clients a copy of any statutory provisions applicable to their case. Counsel opines that the petitioner's assertion that he showed him Code section 40-20-111 is correct because the statute mandates that the petitioner serve a sentence imposed in the state case consecutively to the sentence imposed in his federal case.[1] Counsel denies showing this statutory provision to the petitioner for the proposition that his sentence could be appealed, and he did not advise the petitioner that his sentence could be appealed because counsel knew that the terms of the plea agreement stated that the petitioner would not appeal his sentence.

Moreover, in counsel's opinion, the petitioner acted in his own best interests by accepting the plea agreement because by the terms of the agreement, the petitioner pleaded guilty to only one count of those within his eleven-count indictment, three of which were felonies, and he was classified as a Range I offender for the related sentence although he was eligible to be classified as a Range II offender. Furthermore, the petitioner's agreed sentence was three years, which is one year more that the minimum sentence within his applicable sentencing range of two to four years. Finally, counsel asserts that he recommended that the petitioner take the state's plea offer after thoroughly researching all applicable considerations, and the petitioner understood the terms of the agreement and that he was required to serve his state sentence consecutively to his federal sentence, despite his assertions now to the contrary.

---

[1] Section 40-20-111(b) mandates consecutive sentencing for defendants who commit a felony while released on bail:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn. Code. Ann. § 40-20-111(b) (2003).

The post-conviction court considered these two affidavits, the pleadings, the transcript of the petitioner's plea submission hearing, and the petitioner's plea agreement form and issued a written order denying the petition.[2] In its written order, the post-conviction court addressed the petitioner's contentions (1) that his guilty plea was not made knowingly and voluntarily because counsel did not advise him that he would be serving a three-year sentence consecutively to his federal sentence, (2) that counsel was ineffective for failing to properly advise him of the length and consecutive manner of his agreed sentence, and (3) that counsel was ineffective for continuing to represent the petitioner after the petitioner had challenged counsel's representation of him as ineffective in relation to his federal case.

Referencing the transcript of the petitioner's plea submission hearing, the court concluded that the petitioner had entered a knowing and voluntary guilty plea. The court determined that the petitioner was advised and acknowledged that he was agreeing to serve a three-year sentence with a 30 percent release eligibility date and would serve that sentence consecutively to his federal sentence. The court specifically addressed the petitioner's questions about the consecutive nature of his sentence and explained that his state sentence must be served consecutively by law. The post-conviction court found that, after the trial judge stated "I will not enter into this plea agreement if this isn't what you want," the petitioner responded, "Yeah, just let me get on about it. I'm ready to go ahead and plead guilty." The post-conviction court also found that the petitioner's plea agreement form clearly states that the petitioner agreed to serve a three year sentence, that would run consecutively to his federal sentence. The post-conviction court found that the petitioner signed the form and testified at his plea submission hearing that he entered his plea knowingly and voluntarily. The court further found that counsel accurately advised the petitioner that his state sentence would be served consecutively, not concurrently, to his federal sentence and that counsel did not represent to the petitioner that his sentence would be appealed. Finally, the court concluded that counsel was not deficient by continuing to represent the petitioner after the petitioner challenged counsel's representation of him in his federal case as ineffective. The court determined that at the plea submission hearing, the sentencing court specifically addressed any concerns that the petitioner had about counsel's representation, and the petitioner responded that he was satisfied with counsel's performance and that he no longer had concerns about counsel's representation.

In the instant appeal, the petitioner asserts that he received ineffective assistance of counsel because he entered his guilty plea based on the erroneous assertions by counsel that his sentence could be and would be appealed. The petitioner asserts that if he had been correctly advised that he would not be able to appeal his sentence, he would not have entered into the plea agreement. The state responds that the petitioner has waived consideration of this issue on appeal by failing to include a transcript of his plea submission hearing in the appellate record. The state further asserts that the petitioner has failed to demonstrate that counsel performed deficiently.

---

[2] As discussed herein, although referenced as exhibits to the petitioner's post-conviction hearing, the transcript of the plea submission hearing and the petitioner's plea agreement form have not been included in the appellate record before us.

The law is settled that the post-conviction petitioner bears the burden of establishing at the evidentiary hearing his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). An appellate court is bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

When a post-conviction petitioner seeks relief on the basis of ineffective assistance of counsel, he must establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Also, he must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. *See id.* at 697, 104 S. Ct. at 2069.

In sum, a defendant is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 655 n.38, 104 S. Ct. 2039, 2050 n.38 (1984)).

We first note that although the post-conviction record indicates that the parties and the court intended that a transcript of the plea submission hearing and the petitioner's plea agreement form be included as exhibits to the hearing for consideration on appeal, neither document is part of the appellate record before us. The petitioner, as appellant, bears the burden of ensuring an appellate record that fully and fairly represents the issues that form the bases of the appeal. Tenn. R. App. P. 24(b). Because these documents are not before us allowing our independent review, we will assume that the post-conviction court's characterizations of the plea submission hearing and plea agreement form are accurate and that the conclusions drawn therefrom are well-founded. *See State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983).

The post-conviction court determined that the petitioner had failed to demonstrate deficient representation. Specifically, the court concluded that the transcript of the plea submission hearing and the plea agreement form belied the petitioner's assertions that he was unaware that he would be serving his imposed three-year sentence consecutively to his federal sentence because the post-conviction court specifically addressed this aspect of his agreed sentence, and the petitioner's responses indicate that he was aware of the nature of his sentence and entered his plea knowingly and voluntarily. Taking the post-conviction court's conclusions as accurate, we hold that these convictions support a denial of post-conviction relief. Accordingly, we affirm the judgment of the post-conviction court.

_____
JAMES CURWOOD WITT, JR., JUDGE