IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 17, 2015

**STATE OF TENNESSEE v. KEVIN LYNN MONTGOMERY**

**Appeal from the Criminal Court for Knox County**
**No. 94788    G. Scott Green, Judge**

**No. E2015-00461-CCA-R3-CD – Filed December 7, 2015**

The Defendant, Kevin Lynn Montgomery, pleaded guilty to two counts of sexual battery and received an effective four-year sentence. More than five years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence or permit him to withdraw his guilty pleas because lifetime community supervision was not authorized by statute. The trial court denied the motion after an evidentiary hearing. On appeal, he contends that the trial court erred in denying his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Mitchell T. Harper, Knoxville, Tennessee, for the appellant, Kevin Lynn Montgomery.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Charme P. Allen, District Attorney General; and Jason Lee Hunnicutt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 2, 2010, the Defendant entered guilty pleas to two counts of sexual battery. Pursuant to the plea agreement, the Defendant agreed to consecutive service as a Range I, standard offender to two years' confinement for each count, to register as a sexual offender, and to lifetime community supervision. At the guilty plea hearing, the prosecutor stated that the Defendant agreed not to request probation and that the Defendant was subject to the sexual offender registry requirements and to lifetime community supervision. Defense counsel informed the trial court that the State had agreed to prepare a letter of

recommendation for the Defendant's admission to "DeBerry Special Needs Facility" for treatment and that the Defendant had "issues having to do with mental retardation and . . . with sexual urges that . . . only DeBerry [could] address."

The trial court reviewed the Defendant's rights and the terms of the plea agreement, including the Defendant's registering as a sexual offender and being subject to lifetime community supervision. The Defendant told the court that he understood he was subject to lifetime community supervision and had to comply with the requirements of the sexual offender registry. The Defendant stated he had no questions for the court, and the court found that the Defendant was entering knowing and voluntary guilty pleas.

On October 15, 2014, the Defendant filed a motion for the correction of an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1. In the motion, the Defendant stated that the lifetime community supervision provision of his plea agreement was not authorized by statute. The Defendant requested an evidentiary hearing to determine whether the lifetime community supervision provision was a material component of the plea agreement. The Defendant sought correction of illegal sentences, or alternatively, permission to withdraw his guilty pleas.

On February 6, 2015, the trial court held an evidentiary hearing on the Defendant's motion, took the matter under advisement, and ultimately denied the motion. The court's written order generally denied relief without providing its findings of fact and conclusions of law. This appeal followed.

The Defendant contends that the trial court erred by denying his motion for the correction of an illegal sentence because the lifetime community supervision provision of his plea agreement was not authorized by statute, rendering his sentences illegal. The State responds that the Defendant has waived consideration of the issue because he failed to prepare an adequate record by failing to include a transcript of the motion hearing. We agree with the State.

The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). The record does not include the transcript from the evidentiary hearing on the Defendant's motion for a corrected sentence, which is critical to this court's review of the trial court's determination. *See* T.R.A.P. 24(b); *see also State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). The Defendant was placed on notice that the relevant transcript was not included in the appellate record once the State submitted its appellate brief, but the Defendant has not requested this court permit a supplement of the record with the transcript. "When the record is incomplete, or does not contain the

proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *Miller*, 737 S.W.2d at 558. Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id*. (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The Defendant has failed to prepare an adequate record, and he is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE