IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs January 24, 2018

## STATE OF TENNESSEE v. DAVID TYRONE GREEN

**Appeal from the Criminal Court for Knox County**
**No. 105375     G. Scott Green, Judge**

_____

### No. E2017-01431-CCA-R3-CD

_____

The Defendant, David Tyrone Green, was convicted of driving under the influence, a Class A misdemeanor. *See* T.C.A. § 55-10-401 (2012) (amended 2013, 2015). The trial court sentenced the Defendant to serve fifteen days' confinement. On appeal, the Defendant contends that the court erred in sentencing him to a greater sentence than the minimally required forty-eight hours' confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Glen B. Rutherford, Knoxville, Tennessee, for the appellant, David Tyrone Green.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Charme P. Allen, District Attorney General; and Miriam Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arises from a December 8, 2013 arrest, in which the Defendant was subsequently charged with three counts of driving under the influence (DUI), reckless endangerment with a deadly weapon, failure to obey traffic control devices, violating the state registration law, failure to provide financial responsibility, and violating the implied consent law. Following a bench trial, the Defendant was convicted of three counts of DUI and violating the implied consent law. The court merged all of the DUI convictions into a single count. The trial transcript is not included in the appellate record.

At the June 22, 2017 sentencing hearing, the presentence report was received as an exhibit and reflected that the Defendant had two previous Georgia theft convictions. The report reflected that the Defendant was age fifty-seven, had three children, and had graduated from high school. The Defendant denied using drugs or alcohol and reported working for Tennessee American Recycling.

The trial court found that the evidence supported a conviction for reckless endangerment with a deadly weapon and that the court "cut [the Defendant] a break" by not convicting him of the offense. The court found that the Defendant drove on the wrong side of the road when an officer stopped him and that he performed poorly on field sobriety tests. The court noted that the Defendant did not take responsibility for his actions and that the Defendant testified that he "didn't do anything wrong." The court sentenced the Defendant to fifteen days' confinement, to be served on weekends or work release. This appeal followed.

The Defendant contends that the trial court erred by sentencing him to fifteen days' confinement, which is greater than the minimally required sentence of forty-eight hours. The State responds that the court did not abuse its discretion and, alternatively, that the appellate record is inadequate because it does not include a transcript of the trial, upon which the court relied during sentencing.

The trial court relied on the evidence from the trial in determining that the minimum sentence was not appropriate. The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g.*, *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). This includes the obligation to have a transcript of the evidence or proceedings prepared. *See* T.R.A.P. 24(b). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id*. (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The Defendant has failed to prepare an adequate record, and he is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-2-