IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2019

**TOMMY LEROY BRYANT v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Marshall County**
**No. 15-CR-149-PC      M. Wyatt Burk, Judge**

_____

**No. M2018-02151-CCA-R3-PC**

_____

The Petitioner, Tommy Leroy Bryant, appeals from the Marshall County Circuit Court's denial of his petition for post-conviction relief from his three rape of a child convictions, for which he is serving a twenty-five-year sentence. The Petitioner contends that he received the ineffective assistance of trial counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Tommy Leroy Bryant, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Robert James Carter, District Attorney General; and Weakley E. Barnard and Drew Wright, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was indicted on August 21, 2013, for three counts of rape of a child. The Petitioner pleaded guilty as charged and signed a waiver of his right to appeal to this court and to the Tennessee Supreme Court on June 13, 2014. On June 30, 2014, the Petitioner filed a pro se notice of appeal, alleging that he received the ineffective assistance of counsel. This court issued an order requiring the Petitioner to show cause as to why his appeal should not be dismissed given his signed waiver. *See State v. Tommy L. Bryant*, No. M2014-01254-CCA-R3-CD (Tenn. Crim. App. July 10, 2014) (order). The Petitioner failed to respond, and this court dismissed the appeal on September 8, 2014. *See State v. Tommy L. Bryant*, No. M2014-01254-CCA-R3-CD (Tenn. Crim. App.

Sept. 8, 2014) (order). The Petitioner asserts in the present appeal that he filed a pro se petition for post-conviction relief on September 12, 2014, that the State filed a motion to dismiss the petition, that the post-conviction court issued an order allowing the Petitioner fifteen days to file a petition that complied with the statute, and that the court dismissed the petition when the Petitioner failed to respond within fifteen days. However, the record does not contain this petition, the State's response, or the post-conviction court's order.

The Petitioner filed a second post-conviction petition on November 19, 2015, and the State filed a motion to dismiss the petition on the basis that it was barred by the statute of limitations. The post-conviction court held an evidentiary hearing on February 12, 2016. The Petitioner, represented by appointed counsel, voluntarily dismissed this petition. The record does not contain a transcript of the evidentiary hearing. The court entered an order dismissing the petition on April 15, 2016, and the Petitioner did not appeal.

On October 29, 2018, the Petitioner filed a motion "to reinstate" his second post-conviction petition, alleging the ineffective assistance of trial counsel and involuntary and unknowing guilty pleas. The post-conviction court summarily dismissed the motion to reinstate, holding that, at the post-conviction hearing on February 12, 2016, the Petitioner was placed under oath and "it was determined" by the court that the Petitioner's decision to dismiss the second post-conviction petition "was a free, voluntary, and informed" one. Moreover, the court also held that the motion was time-barred by the statute of limitations. The court entered an order dismissing the petition on November 9, 2018. The Petitioner filed a timely notice of appeal.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

The Petitioner has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g., State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). This included the obligation to have a transcript of the evidence or proceedings prepared. *See* T.R.A.P. 24(b). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn.

Crim. App. 1987). Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id*. (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

The Petitioner contends that he received the ineffective assistance of counsel. The Petitioner asserts that he had a history of mental illness and that trial counsel failed to have the Petitioner evaluated by a forensic psychologist to ascertain his mental state at the time of the crimes. The Petitioner also states that he had a learning disability and that he lacked comprehension of the serious nature and consequences of his guilty pleas. The Petitioner claims that but for trial counsel's deficiencies in failing to investigate his history of mental illness and lack of comprehension of the pleas, he would not have pleaded guilty. The Petitioner also contends that he lacked the mental capacity to comprehend the nature of the post-conviction proceedings when he withdrew his post-conviction petition at the February 12, 2016 hearing. The State responds that the post-conviction's court's denial of the petition was proper because it was filed untimely and because the dismissal of his "first two petitions" did not toll that statute of limitations.

Here, the record does not contain a transcript of the Petitioner's guilty plea colloquy. Furthermore, the Petitioner's second petition for post-conviction relief, the State's response, the post-conviction court's order regarding the second petition, and a transcript of the February 12, 2016 hearing are not included in the record. The Petitioner has failed to prepare an adequate record, and he is not entitled to relief. *See* T.R.A.P. 24(b).

Based upon the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE