IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2024

**STATE OF TENNESSEE v. KYLE J. FREY**

**Appeal from the Circuit Court for Williamson County**
**No. J-CR230061    Deanna B. Johnson, Judge**

————————————

**No. M2024-00350-CCA-R3-CD**

————————————

The pro se Defendant, Kyle J. Frey, was convicted by a Williamson County jury of driving under the influence of an intoxicant (DUI); DUI per se; resisting arrest; and speeding. *See* T.C.A. §§ 55-10-401 (DUI) (2024); 39-16-602(a) (2018) (resisting arrest); 55-8-152 (Supp. 2021) (subsequently amended) (speeding). The trial court merged the DUI convictions. The Defendant received an effective sentence of eleven months and twenty-nine days, suspended to supervised probation after service of sixty days' incarceration. On appeal, the Defendant alleges that the trial court did not have subject matter jurisdiction. We conclude that the Defendant's brief fails to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Criminal Appeals Rule 10(b) and that the appellate record is incomplete. *See* T.R.A.P. 24(b). Accordingly, the Defendant's issues are waived, and his appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Kyle J. Frey, Columbia, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Stacey Edmonson, District Attorney General; Dale L. Evans, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case regards a July 11, 2022 traffic stop and the resulting arrest. Because the record on appeal does not contain the trial transcript, the circumstances relating to the Defendant's arrest are derived from Tennessee Highway Patrol Trooper Walter Roth's affidavit of complaint contained in the technical record. *See* T.R.A.P. 24(b) (stating that the appellant has the duty to prepare a record which conveys a "fair, accurate, and complete account of what transpired with respect to those issues which are the bases of appeal.").

According to the affidavit, Trooper Roth conducted a traffic stop of the Defendant's vehicle because the Defendant was speeding. Trooper Roth reported that the Defendant provided a "passport card" in lieu of a driver's license. The Defendant described himself as a "foreign national," refused to answer questions, emitted an odor of alcohol, was "unsteady on his feet," and had slurred speech and watery eyes. Trooper Roth said that the Defendant refused to perform field sobriety tests or consent to a blood sample. Trooper Roth averred that the Defendant physically resisted arrest. Trooper Roth obtained a search warrant for a blood sample, and the Tennessee Bureau of Investigation's analysis of the sample indicated that the Defendant had a blood alcohol concentration of .173 percent.[1]

A Williamson County Grand Jury indicted the Defendant for DUI; DUI per se; resisting arrest; speeding; and failure to carry a driver's license while operating a motor vehicle. At the trial, the Defendant waived his right to counsel and elected to proceed pro se. The State elected not to prosecute the Defendant for the driver's license charge. The jury convicted the Defendant on all remaining charges. The judgments reflect that the trial court merged the DUI convictions and that the Defendant received an effective sentence of eleven months and twenty-nine days of probation with service of sixty days in confinement.

On appeal, the Defendant alleges that the trial court did not have subject matter jurisdiction in this case. The State contends that the Defendant has waived all issues on appeal for his failing to comply with Tennessee Rule of Appellate Procedure 27(a)(4) because the Defendant's brief fails to include a statement of the issues or any citations to the record. In the alternative, the State contends that the trial court had subject matter jurisdiction in the Defendant's case.

"The brief of the appellant shall contain . . . [a] statement of the issues presented for review[.]" T.R.A.P. 27. Our supreme court has made clear

> . . . that, to be properly raised on appeal, an issue must be presented in the
> manner prescribed by Rule 27 of the Tennessee Rules of Appellate

---

[1] Although the record on appeal does not contain the trial transcript, it does contain trial exhibits.

Procedure. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). As this Court explained in *Hodge*, "[r]ather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer" and, consequently, "[a]ppellate review is generally limited to the issues that have been presented for review." *Id.* This Court further explained in *Hodge* that an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Rule 27(a)(4). It also may be deemed waived when it has been expressly raised as an issue, but the brief fails to include an argument satisfying the requirements of Rule 27(a)(7). *Id.* at 335. . . . These requirements are not matters of mere formality. . . . In addition, enforcing these requirements helps preserve fairness and integrity in the court system.

*City of Memphis v. Edwards by & Through Edwards*, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at \*2 (Tenn. July 5, 2023) (order). Similarly, Tennessee Court of Criminal Appeals Rule 10(b) states, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." *See Hodge*, 382 S.W.3d at 335; *see also* T.R.A.P. 27(a)(7) (the appellant's argument must be accompanied by citations to the authorities and appropriate references to the record relied upon by the appellant).

We conclude that the Defendant's brief does not comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Criminal Appeals Rule 10(b), as it fails to list issues for review or contain any citations to the record. Further, the record on appeal is incomplete because it does not contain a trial transcript. The Defendant, as the appellant, has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. T.R.A.P. 24(b); *see State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Stack*, 682 S.W.3d 866, 876 (Tenn. Crim. App. 2023). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, if the appellate record is incomplete, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id.* (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). Accordingly, the Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE