IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 22, 2025

## STATE OF TENNESSEE v. KURT FRANKLIN LUNA

**Appeal from the Circuit Court for Williamson County**
**No. J-CR230199     Deanna Bell Johnson, Judge**

———————————————————

### No. M2023-01560-CCA-R3-CD

———————————————————

Defendant, Kurt Franklin Luna, was convicted after a jury trial of driving without a license, driving an unregistered vehicle, and violation of the financial responsibility law. The trial court sentenced him to serve forty-eight hours in the county jail. On appeal, Defendant raises a variety of claims. After a thorough review of the record, we conclude that Defendant has waived his issues for failure to create an adequate record and failure to comply with the Rules of Appellate Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Kurt Franklin Luna, Lewisburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Stacey Edmondson, District Attorney General; and Carlin C. Hess, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### <u>Factual and Procedural History</u>

This case arises from a traffic stop. The March 15, 2022 preliminary hearing transcript from the Williamson County General Sessions Court[1] ("the General Sessions Court") reflects that, on October 11, 2021, Tennessee Highway Patrol Trooper Walter Roth stopped Defendant on Interstate 65 North because Defendant's vehicle did not have a license plate. Instead, the vehicle had "a red handmade placard . . . [that] said not for hire,

---

[1] The Honorable Tom Taylor presided over the preliminary hearing.

something else on it." Defendant's driver's license was expired, and his vehicle was unregistered and without insurance. Based upon this, Trooper Roth issued three citations to Defendant. After Defendant declined to enter a plea, the General Sessions Court entered a not guilty plea for Defendant and bound the case over.

Defendant filed a handwritten "Notice of Appeal" in the General Sessions Court on March 27, 2023, which was also titled "Affid[a]vit," stating that Defendant was appealing "the decis[ion] rendered in this General Sessions Case on . . . 3-15-23." Defendant stated that he had filed three affidavits and that the District Attorney's Office had not "rebutted" them. Defendant also referenced several different case numbers.

Thereafter, the April 2023 term of the Williamson County Grand Jury indicted Defendant for driving without a valid license, driving an unregistered vehicle, and violation of the financial responsibility law. The technical record reflects that Defendant waived his right to counsel.

The technical record contains several documents authored by Defendant and filed with the General Sessions Court or the Williamson County Circuit Court ("the Circuit Court"). The first, an "Affidavit of Truth Notice to All," had a stamp indicating it was filed in the Circuit Court on October 1, 2021. It was notarized as having been signed on March 5, 2020, in Marshall County. The Affidavit stated, in relevant part, that Defendant was "a natural, freeborn Sovereign Indigenous Man" who was not "subject to any entity anywhere[.]" It averred that state and federal citizenship were "fictions/creations of government corporation and therefore . . . no statutes apply to [him.]"

On October 1, 2021, Defendant filed a "Notice of Lack of Jurisdiction" in the Circuit Court. The heading on the first page contained a case style for the General Sessions Court but did not contain a case number; the heading on the remaining pages named the Circuit Court. Defendant complained, in relevant part, that two affidavits he had filed had not been "rebutted or responded to" and asserted that the court did not have jurisdiction over him, citing a variety of federal law and regulations.

Defendant filed a "Notice of Lack of Jurisdiction and Demand for Hearing to Order Proof of Jurisdiction" addressing the General Sessions Court; no case number was listed. The signature block indicates that Defendant signed it on January 20, 2021, and it bears a "received" stamp dated January 20, 2022. The affidavit challenged the court's "In Personam jurisdiction."

Defendant subsequently filed another "Notice of Lack of Jurisdiction and Demand for Hearing to Order Proof of Jurisdiction," which he signed on August 18, 2021. The document contains two General Sessions file stamps, one dated August 18, 2021, and the other dated December 14, 2022.

Defendant filed a third "Notice of Lack of Jurisdiction" with the General Sessions Court on March 15, 2023; a handwritten case number appeared on the document that does not correspond to the instant case. The notice reiterated that the State had not rebutted any facts asserted in Defendant's prior affidavits and that the court had no jurisdiction over him. In this document, Defendant averred that the court "had received [his] Affidavit of Truth . . . on 3/5/2020 the first time."

On October 5, 2023, Defendant filed a motion to dismiss the instant case in the Circuit Court; in relevant part, Defendant stated, "Appealed General Sessions and never was rebutted by the State. There wasn't a hearing on the Appeal or a ruling on it. Due process violations."

Although no trial transcript appears in the record, the jury verdict forms and judgments reflect that a Circuit Court jury trial occurred on October 5, 2023, and that the jury convicted Defendant as charged. The trial court sentenced Defendant to an effective forty-eight hours in jail. Defendant, who did not file a motion for new trial, timely appealed.

## Analysis

On appeal, Defendant raises five issues: (1) "Whether the Circuit Court's failure to hear the case following [Defendant's] timely appeal constitutes a violation of [his] right to a fair hearing"; (2) "Whether unrebutted affidavits submitted by [Defendant] should be treated as factually sufficient and uncontested"; (3) "Whether the failure to provide Financial Responsibility Surety and Bonds (FRSA) for all parties invalidates the authority of the court and public officers to proceed with legal action"; (4) "Whether the local District Attorney had proper authorization from the U.S. Attorney's Office to pursue charges, and whether the absence of such authorization affects the legality of the prosecution and Jurisdiction"; and (5) "Whether the Circuit Court's failure to protect the common right to travel, right to life, liberty, and the pursuit of happiness constitutes a violation of [Defendant's] rights[.]"

The State responds that Defendant has waived consideration of his issues by filing an inadequate brief, failing to object at trial, and failing to provide an adequate record on appeal. The State further argues that Defendant is not entitled to plain error relief.

We agree with the State. Defendant's brief fails to comply with the requirements of Tennessee Rule of Appellate Procedure 27(a), which requires:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Where an appellant fails to prepare a sufficient brief in compliance with the Rules of Appellate Procedure, this court may treat the issues as waived. *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

Although Defendant's appellate brief is comprised of the appropriate sections, his statement of the case fundamentally misstates the procedural posture in which he stands. Defendant avers that he appealed the General Sessions Court's denial of his jurisdictional issue to the Circuit Court, which "failed to hear the case." However, this is an appeal from

the jury's guilty verdict following a trial in the Circuit Court, not an appeal from General Sessions Court.

Defendant's statement of the facts and argument sections contain no references to the record. Defendant's argument contains no standard of review, and there is no discussion of the fifth issue, the alleged requirement for the U.S. Attorney's Office to approve state prosecutions. The argument section of Defendant's brief, such as it is, is barely intelligible, and the "citations" are to federal regulations, statutes, and cases that do not stand for any of the legal principles for which Defendant cites them. We note that Defendant previously filed a substituted brief with this court, showing that he recognized that his brief did not comport with the dictates of Rule 27. Nevertheless, he did not file a reply brief after the State put forth its waiver argument. Although this court seeks to afford pro se defendants a degree of leeway in brief writing, Defendant's brief is so woefully lacking that we are prevented from exercising meaningful review of any of his issues.

In addition, Defendant has not provided this court with an adequate record upon which to examine the Circuit Court's actions. As the appellant, the defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g.*, *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *see* Tenn. R. App. P. 24(b). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id.* (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)).

Here, the only transcript in the record is of Defendant's preliminary hearing in General Sessions Court, and the technical record does not contain orders from the Circuit Court relevant to Defendant's issues. Again, Defendant has not filed a reply brief addressing the State's waiver argument, and he has not filed a motion to supplement the record. As the State has noted, some of Defendant's filings are marked as having been filed before the traffic offenses in this case occurred, and some bear multiple file stamps. Because the record does not contain proceedings relevant to Defendant's issues, we must presume that the trial court acted correctly. *See Miller*, 737 S.W.2d at 558.

Further, the record reflects that Defendant did not raise any objections at his preliminary hearing, and no motion for new trial appears in the record. *See* Tenn. R. App. P. 3(e) (providing that no issue presented for review "shall be predicated upon . . . [an] action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived"); Tenn. R. App. P. 36(a) (stating that

"[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error"). As the State notes, Defendant has also not requested plain error relief. *See State v. Bledsoe*, 226 S.W.3d 349, 355 (Tenn. 2007) (stating that a defendant bears the burden of establishing that he is entitled to plain error relief). Accordingly, Defendant has waived our consideration of his issues by failing to properly preserve them at the trial court level, by failing to support his issues by argument, citation to authorities, or appropriate references to the record, and by providing an inadequate record on appeal.

## Conclusion

For the foregoing reasons, the judgments of the trial court are affirmed.


s/*Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE