IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2026

## DARREN BROWN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 06-08194    Chris Craft, Judge**

**No. W2025-01466-CCA-R3-ECN**

The Petitioner, Darren Brown, appeals from the Shelby County Criminal Court's summary denial of his petition for a writ of error coram nobis from his conviction for first degree premeditated murder, for which he received a sentence of life imprisonment. He contends that he is entitled to equitable tolling of the statute of limitations and that he is entitled to relief on the merits of his petition. We affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and KYLE A. HIXSON, JJ., joined.

Darren Brown, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; and Steve Mulroy, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner's conviction relates to the April 23, 2006 fatal shooting of Darren Taylor outside a Memphis grocery store. The trial evidence showed that the Petitioner fired multiple gunshots into a parked vehicle in which the unarmed victim and his girlfriend were seated. The Petitioner approached the victim's car from behind, fired four gunshots at the victim, and fled the scene. Additional evidence showed that the Petitioner admitted to shooting the victim to two of the Petitioner's friends, including Dorrell Jones, that the Petitioner and the victim had been involved in a dispute regarding money or drugs, and that the Petitioner alleged the victim had previously robbed the Petitioner. On appeal from the conviction proceedings, the Petitioner challenged the sufficiency of the evidence, the trial court's denial of a request for a mistrial, and the prosecutor's commenting on the Petitioner's post-arrest silence during closing argument. This court affirmed the

Petitioner's conviction. *See State v. Darren Brown*, No. W2008-01866-CCA-R3-CD, 2010 WL 22812, at *1-4 (Tenn. Crim. App. Jan. 5, 2010), *perm. app. denied* (Tenn. Apr. 14, 2010).

On May 3, 2011, the Petitioner filed a pro se petition for post-conviction relief, which was summarily dismissed as untimely, and this court affirmed the dismissal on appeal. *See Darren Brown v. State*, No. W2012-02584-CCA-MR3-PC, 2013 WL 6405736 (Tenn. Crim. App. Dec. 5, 2013), *perm. app. denied* (Tenn. May 14, 2014).

On August 28, 2014, the Petitioner filed his first pro se petition for a writ of error coram nobis, alleging that the prosecution failed to provide exculpatory evidence in the form of a police statement by Dorrell Jones. The Petitioner conceded that his petition was untimely but argued that he was entitled to due process tolling of the one-year statute of limitations. After the appointment of counsel and an evidentiary hearing, the coram nobis court determined that the petition was time-barred and that the alleged evidence was not newly discovered because the police statement was presented at the trial. This court affirmed on appeal. *See Darren Brown v. State*, No. W2016-00719-CCA-R3-ECN, 2016 WL 6776347, at *1 (Tenn. Crim. App. Nov. 15, 2016), *perm. app. denied* (Tenn. Apr. 13, 2017).

On April 18, 2018, the Petitioner filed a motion for plain and harmless error review, alleging that he was entitled to relief pursuant to Tennessee Appellate Procedure Rule 36(a). The trial court denied the motion, and this court dismissed the appeal after concluding that the Petitioner did not have an appeal as of right from the trial court's order. *See State v. Darren Lashaun Brown*, No. W2018-00907-CCA-R3-CD (Tenn. Crim. App. Sept. 17, 2018) (order), *perm. app. denied* (Tenn. Nov. 15, 2018).

The present appeal relates to the Petitioner's second petition for a writ of error coram nobis. Although the Petitioner's second petition for a writ of error coram nobis relief and the coram nobis court's order denying relief are not contained in the record, the record contains the Petitioner's March 5, 2025 motion to reconsider the denial of his second petition for a writ of error coram nobis. The record also contains the coram nobis court's April 28, 2025 order denying the request to reconsider, which stated that on October 10, 2024, the court denied the Petitioner's second petition by written order, which contained findings of fact and conclusions of law.

This court waived the timely filing of the notice of appeal. *See Darren Brown v. State*, No. W2025-01466-CCA-MR3-PC (Tenn. Crim. App. Sept. 29, 2025) (order).

In his appellate brief, the Petitioner contends that the coram nobis court erred by summarily denying his second petition for a writ of error coram nobis. He asserts that he is entitled to due process tolling of the statute of limitations and to relief on the merits of his petition because the prosecution withheld information related to "exculpatory witness

statements of Dorrell Jones." He requests that this case be remanded to the coram nobis court for the appointment of counsel and for an evidentiary hearing. The State responds that the Petitioner has failed to prepare an adequate record to facilitate appellate review. We agree with the State.

The Petitioner has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g.*, *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). This included the obligation to include the petition for a writ of error coram nobis and the coram nobis court's order resolving the petition. *See* T.R.A.P. 24(b). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id.* (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

The Petitioner seeks appellate review of the summary denial of his second petition for a writ of error coram nobis. However, the petition and the coram nobis court's October 10, 2024 order denying and dismissing the petition are absent from the appellate record. As a result, the Petitioner has failed to prepare an adequate record to facilitate appellate review, and we must presume that the coram nobis court's ruling on the petition was correct in all particulars. *See Miller*, 737 S.W.2d at 558. The Petitioner is not entitled to relief.

s/ **Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

- 3 -